IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| GREENWICH RESEARCH INC. | : | |
| | : | Case No. 1:20-cv-272 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | **ORDER DENYING TEMPORARY** |
| ROSE M. STRATTON, *et al.*, | : | **RESTRAINING ORDER** |
| | : | |
| Defendants. | : | |
| | : | |

This matter is before the Court on Plaintiff's Motion for Temporary Restraining Order (Doc. 2). The Court conducted a telephone conference on this matter on April 9, 2020, at which Counsel for Plaintiff and Counsel for Defendant Gerald T. Banks were present. The other Defendants did not appear. For the reasons stated on the record, and as briefly summarized herein, Plaintiff's Motion is **DENIED**.

Federal Rule of Civil Procedure 65(b) permits a party to seek injunctive relief if "immediate and irreparable injury, loss, or damage will result." Nevertheless, an "injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cty. Gov't,* 305 F.3d 566, 573 (6th Cir. 2002).

In determining whether to grant injunctive relief, the Court must weigh four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury absent the injunction; (3) whether the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of an injunction." *S. Glazer's Distributors of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844,

849 (6th Cir. 2017) (quoting *Bays v. City of Fairborn*, 668 F.3d 814, 818–19 (6th Cir. 2012)). "[T]hese are factors to be balanced, not prerequisites to be met." *Id.*

Plaintiff, a company in the business of finding heirs to estates in exchange for a percentage of inheritance, claims that Ronald Dewert died intestate and left no known relatives or next of kin. Defendant Gerald T. Banks is the Administrator of the Estate of Ronald Dewert, Butler County, Ohio Probate Court, case number PE17-09-0974, and the remaining Defendants are individuals Plaintiff determined could be heirs to Dewert's Estate. According to Plaintiff, all but Defendant Rose M. Stratton accepted and subsequently revoked an agreement for Plaintiff's services regarding their potential inheritances.

No funds have been distributed from Dewert's Estate, but Plaintiff believes distribution will occur soon. As such, Plaintiff seeks a preliminary injunction for the extraordinary remedy of prohibiting Gerald T. Banks from disbursing any funds from Dewert's Estate to any individual Defendant. Plaintiff claims that an injunction is necessary because it will be irreparably harmed by the potential distribution of funds due to the number and location of potential recipients, 23 individuals in five states.

As the Court stated during the April 9, 2020 telephone conference, there are several problems with this case and reasons for denying the request for a temporary restraining order. For one, the Court perceives jurisdictional issues, as the only contract that was attached to the Complaint was valued at $90,000, and at most $30,000 in a fee and potential damages to Plaintiff, which does not meet the amount-in-controversy threshold for federal court jurisdiction.[1]

---

[1] The Court also questions whether Plaintiff has standing as it seems the alleged contracts have yet to be breached. According to the parties, heirship has not been determined and no funds from Dewert's Estate have been distributed.

More importantly, however, the Court finds it inappropriate to intervene in the Probate Court's exclusive jurisdiction over the administration of Dewert's Estate, which would cause substantial harm to those proceedings and undermine the public's interest in them. Furthermore, the dispute at issue is fundamentally one of breach-of-contract, for which Plaintiff has not established irreparable injury and for which there is an appropriate remedy available in breach of contract lawsuits. The fact that Plaintiff may have to sue multiple parties in multiple forums does not establish irreparable injury. For all these reasons, the Court finds that Plaintiff has not carried its burden in demonstrating the circumstances clearly demand the extraordinary relief available under Rule 65. The Motion for Temporary Restraining Order is therefore **DENIED**.

**IT IS SO ORDERED**.

Dated: April 9, 2020  ___sSusan J. Dlott_____
Judge Susan J. Dlott
United States District Court